UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP R. PERRY,

    Plaintiff,

v.

CASE NO. 2:18-CV-12914
HON. GEORGE CARAM STEEH

SEAN HART, et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING IN PART THE COMPLAINT AND DIRECTING SERVICE UPON THE REMAINING DEFENDANTS

### I. INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Bishop R. Perry ("plaintiff"), currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, asserts that he was subject to retaliation while confined at the Thumb Correctional Facility in Lapeer, Michigan in 2017. The plaintiff names three employees at the Thumb facility – Administrative Assistant Sean Hart, General Office Assistant T. Bates, and Assistant Resident Unit Manager B. Rousseau – as the defendants in this action. The plaintiff seeks monetary damages, injunctive relief, and any other appropriate relief. The Court has granted the plaintiff leave to proceed without prepayment of the filing fee for this

action.  See 28 U.S.C. § 1915(a)(1).

## II. LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is

and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

### III. DISCUSSION

The plaintiff's claims against defendant Sean Hart must be dismissed for failure to state claims upon which relief may be granted. The plaintiff asserts that defendant Hart retaliated against him and conspired with the

other defendants to deprive him of his constitutional rights. To state a retaliation claim, a plaintiff must allege: (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Smith v. Campbell, 250 F.3d 1032, 1038 (6th Cir. 2001). The plaintiff does not meet these standards with respect to defendant Hart. In his complaint, the plaintiff merely states that defendant Hart approved a prisoner form for witnesses in a civil case against the Michigan Department of Corrections on January 5, 2017. Compl., p. 1. He then asserts that he was transferred to another unit the next day for retaliatory purposes, but does not assert that defendant Hart was responsible for that transfer. *Id.* at p. 2. The plaintiff does not allege any facts showing that defendant Hart engaged in adverse action against him. The plaintiff thus fails to state a retaliation claim against defendant Hart in his complaint.

The plaintiff also alleges that defendant Hart engaged in a conspiracy with the other defendants to prevent him from entering the courts. *Id.* To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single

plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985); see also Memphis, TN Area Local v. City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. The plaintiff alleges no such facts as to defendant Hart. His conspiracy claim against defendant Hart is conclusory and vague. Conclusory allegations are insufficient to state a claim under § 1983, Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57; Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-91 (6th Cir. 2009), including a conspiracy claim, Horton v. Martin, 137 F. App'x 773 (6th Cir. 2005); Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987). The plaintiff fails to state a conspiracy claim against defendant Hart in his complaint. His claims against defendant Hart must therefore be dismissed.

Construing the complaint liberally, however, the Court finds that the plaintiff alleges sufficient facts to state constitutional claims against defendants Bates and Rousseau. While the plaintiff may or may not ultimately prevail, he pleads sufficient facts to state potential claims for relief against those defendants. Service of the complaint upon defendants Bates and Rousseau is therefore appropriate.

## IV. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state claims upon which relief may be granted under 42 U.S.C. § 1983 against defendant Hart in his complaint. Accordingly, the Court **DISMISSES** in part the complaint as to the claims against defendant Hart.

The Court further concludes that the claims against defendants Bates and Rousseau are not subject to summary dismissal. Accordingly, the Court **DIRECTS** that a copy of the complaint and a copy of this order be served upon those two defendants by the United States Marshal without prepayment of costs.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: September 20, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 20, 2018, by electronic and/or ordinary mail and also on Bishop Perry #231579, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk