# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BISHOP PERRY,

        Plaintiff,                   CIVIL ACTION NO. 18-cv-12914

        v.                              DISTRICT JUDGE GEORGE CARAM STEEH

BRIAN ROUSSEAU and          MAGISTRATE JUDGE MONA K. MAJZOUB
TONICA BATES,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR COURT ORDER [15], MOTION FOR DISCOVERY [19], MOTION TO COMPEL [29], AND MOTION FOR TAKING DEPOSITIONS [37], AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [38]

Plaintiff Bishop Perry, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, against three employees of the Michigan Department of Corrections (MDOC), Sean Hart, Brian Rousseau, and Tonica Bates, on September 9, 2018, claiming violations of his First and Fourteenth Amendment rights under the United States Constitution. (Docket no. 1.) The court summarily dismissed Defendant Hart from this action on September 20, 2018. (Docket no. 5.) This matter comes before the Court on five Motions: (1) Plaintiff's Emergency Motion for Court Order (docket no. 15); (2) Plaintiff's Motion for Discovery and a Subpoena for all Electronically Stored Information Video and Emails to be Viewed by the Court (docket no. 19); (3) Plaintiff's Motion to Compel Defendants to Produce Documents and Preserve Material Evidence (docket no. 29); (4) Plaintiff's Motion for Taking Depositions (docket no. 37); and (5)

Defendants' Motion for Protective Order (docket no. 38).[1]  Defendants filed a Response to Plaintiff's Motion to Compel.  (Docket no. 33.)  All pretrial matters have been referred to the undersigned for consideration. (Docket no. 6.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.      **Plaintiff's Emergency Motion for Court Order [15]**

Plaintiff claims that the librarian at the Muskegon Correctional Facility (MCF) will not make copies of his exhibits related to this action, which exhibits he claims are necessary to help him prove his First Amendment claims.  Plaintiff asserts that he is an indigent prisoner and does not have funds for copies, and he requests a court order requiring the librarian to make the requested copies.  Plaintiff, however, advances no authority on which the Court could grant such a request, and he does not otherwise show that he is entitled to the relief he seeks.  Contrarily, the Sixth Circuit has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to free photocopying services.  *Kenny v. Washington*, No. 2:17-cv-1, 2017 WL 3097778, at *3 (W.D. Mich. July 21, 2017) (collecting cases).  Plaintiff's Emergency Motion for Court Order (docket no. 15) will therefore be denied.

II.     **Plaintiff's Motion for Discovery [19]**

Plaintiff has filed a "Motion for Discovery an [sic] a Subpoena for all Electronically Stored Information Video an [sic] Emails to be Viewed by the Court."  In this Motion, Plaintiff asks the Court to "allow discovery to be open for Plaintiff" and "to make the playing field even by allowing these discoverable items."  To the extent that Plaintiff asks the court to open the discovery period

---

[1] Also pending before the Court are Plaintiff's Motions for Preliminary Injunction (docket nos. 10, 20), Plaintiff's Motions for Sanctions (docket nos. 11, 22, 30), Defendants' Motion for Partial Summary Judgment Based on Failure to Exhaust (docket no. 17), and Plaintiff's Motion to Dismiss (docket no. 32), which will be addressed in a Report and Recommendation issued contemporaneously with this Opinion and Order.

and/or authorize early discovery, Plaintiff was not required to file a motion to obtain such relief, because prisoners proceeding *pro se* are exempt from the constraints on the timing of discovery set forth in Federal Rule of Civil Procedure 26(d)(1).[2]  To the extent that Plaintiff moves to compel the production of "Electronically Stored Information Video an [sic] Emails" through this Motion, Plaintiff's Motion does not comport with the requirements of Eastern District of Michigan Local Rule 37.2, which requires that a discovery motion filed in this court "include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."  For these reasons, the Court will deny Plaintiff's Motion for Discovery (docket no. 19).

### III. Plaintiff's Motion to Compel Defendants to Produce Documents and Preserve Material Evidence [29]

Plaintiff asserts that Defendants objected and refused to produce documents in response to his December 26, 2018 discovery requests.  Plaintiff now moves to compel Defendants to produce those documents and preserve material evidence.  He also asks the court to compel Defendants to authenticate the genuineness of the documents that they did produce.

While Plaintiff's instant Motion contains a verbatim recitation of the discovery requests at issue, it still suffers from the same fatal flaw as Plaintiff's Motion for Discovery, in that it does not include a verbatim recitation or copy of Defendants' responses and objections to the discovery requests, in violation of Local Rule 37.2.  This alone is grounds for dismissal.  The Court will

---

[2] Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule (26)(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Under Rule 26(a)(1)(B), "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosure.

nevertheless address the merits of Plaintiff's Motion, as Defendants' Response to Plaintiff's Motion includes a copy of their discovery responses (docket nos. 33, 33-2).

In their Response, Defendants assert that they produced several of the items requested by Plaintiff, including a copy of the MDOC transfer order by which Plaintiff was transferred to MCF, a copy of the Daily Prisoner Movement Sheet reflecting Plaintiff's inner-facility transfer on January 6, 2017, mail log book records, and emails between Assistant Resident Unit Supervisor (ARUS) Y. Strange and Defendant Rousseau. (Docket no. 33 at 2; docket no. 33-2.)

Plaintiff acknowledges that Defendants produced the log book records, but he argues that he wants the page showing that ARUS Strange dropped off both of his expedited legal mail envelopes to Defendant Bates at the same time. One of the log book pages produced by Defendants appears to contain the entries Plaintiff is seeking. (Docket no. 33-2 at 31.) Specifically, the first entry on the page reflects that on January 5, 2017 at 16:31, Defendant Bates received Plaintiff's legal mail from ARUS Strange. The next entry contains ditto marks (") below the fields for date/time received from housing unit staff, prisoner name/number, and court docket number, which indicates that ARUS Strange delivered another legal mail envelope of Plaintiff's to Defendant Bates on the same date and time as the entry above.

With respect to the video footage requested by Plaintiff, Defendants responded that it is not available. Defendants explain that absent a Critical Incident Report or some similar event that results in the video footage being saved on a removable storage device, surveillance recordings are generally available for thirty days and then are automatically recorded over. Defendants assert that upon receipt of Plaintiff's discovery requests, they conducted a reasonable investigation regarding the availability of the video footage requested, and MDOC staff reported that it was no longer available. Plaintiff acknowledges but distrusts Defendants' response and asks the court to

compel Defendants to produce verification that the video footage is no longer available from a computer worker, an administrative assistant, the warden, or anyone else but Defendants. The additional verification that Plaintiff seeks is not necessary because Defendants' discovery responses are signed by defense counsel. Under Federal Rule of Civil Procedure 26(g), by adding her signature to Defendants' discovery responses, defense counsel certified that to the best of her knowledge, information, and belief formed after a reasonable inquiry, the response or objection was consistent with the discovery rules and warranted by existing law and that she "made a reasonable effort to assure that [Defendants] provided all the information and documents available to [them] that are responsive to the discovery demand." Fed. R. Civ. P. 26(g), Advisory Committee Notes (1983).

With respect to Plaintiff's request for email correspondence between Defendant Bates and Defendant Rousseau between January 6, 2017 and January 10, 2017, Defendants responded that they reviewed their email accounts for responsive emails and none were found. The Court cannot order Defendants to produce documents that they do not have.

Finally, with regard to Plaintiff's request for Defendants' disciplinary records, Defendants objected on the grounds that the records (1) are irrelevant to the claims and defenses in this matter because neither Defendant was disciplined for any activity or incident alleged in the Complaint; and (2) contain confidential information. Indeed, Defendants' disciplinary records could contain information not within the general knowledge of the prison population, such as specific prison policies or protocols violated by an employee, the disclosure of which could undermine the security of the prisons. The records could also contain information about Defendants that could make them vulnerable to prisoner threats or manipulation. Plaintiffs' general assertion of relevance does not outweigh the security and safety concerns associated with production of

Defendants' disciplinary records. For the above stated reasons, the Court will deny Plaintiff's Motion to Compel (docket no. 29).

## IV.     Plaintiff's Motion for Taking Depositions [37]

Plaintiff moves to take the depositions of Defendant Rousseau, Defendant Bates, ARUS Strange, and the transfer coordinator. Plaintiff asks for a court reporter and requests that all costs and fees be waived. Federal Rule of Civil Procedure 30(a)(1) provides that a party may depose any person by oral questions without leave of court, except as provided in Rule 30(a)(2). There is no indication that any of the circumstances listed in Rule 30(a)(2) exist in this matter. Accordingly, Plaintiff need not seek leave of court before taking the above-mentioned depositions. Plaintiff must, however, comply with the basic procedural requirements for taking a deposition set forth in Rule 30. The fact that Plaintiff is incarcerated and proceeding *in forma pauperis* does not relieve him from these procedural obligations.

Additionally, "'[w]hile a *pro se* prisoner in a § 1983 suit may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, he is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs....'" *Kean v. Van Dyken*, No. 4:05-CV-64, 2006 WL 374502, at *4 (W.D. Mich. Feb. 16, 2006) (quoting *Smith v. Pendergrass,* Nos. 1:02-CV-125, 1:02-CV-126, 2003 WL 21919182, at *3 (N.D. Ind. 2003)). "A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts." *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) (citing *Johnson v. Hubbard,* 698 F.2d 286, 289 (6th Cir. 1983)). Accordingly, the Court will deny Plaintiff's Motion for Taking Depositions and his request for a waiver of the costs and fees

associated therewith (docket no. 37). Plaintiff may take the deposition of any person in accordance with Rule 30 and at his own expense, subject to the terms of the protective order discussed below.

V.    **Defendants' Motion for Protective Order [38]**

Defendants move for a protective order staying discovery pending a final decision on Defendants' Motion for Partial Summary Judgment Based on Failure to Exhaust. Plaintiff has not responded to Defendants' Motion. Rule 26(c) allows the court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (citations and internal quotation marks omitted).

Defendants assert that Plaintiff has served them with three discovery requests, none of which relate to the issues of exhaustion. Defendants responded to Plaintiff's first set of discovery requests, which were the subject of Plaintiff's Motion to Compel discussed herein. Defendants explain that Plaintiff's second set of discovery requests is largely duplicative of Plaintiff's first set. And Plaintiff's third set of discovery requests consists of twenty-four requests for admission directed to Defendants.

While the undersigned does not recommend as much, should Defendants' Motion for Partial Summary Judgment Based on Failure to Exhaust be granted in full, a majority of Plaintiff's claims in this matter, including all of his claims against Defendant Bates, would be dismissed. "Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal

determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citation omitted). Accordingly, the Court finds good cause to grant Defendants' Motion for Protective Order and will issue a stay of discovery in this matter until the court issues a final decision on Defendants' Motion for Partial Summary Judgment pending at docket no. 17.

**IT IS THEREFORE ORDERED** that

a. Plaintiff's Emergency Motion for Court Order [15] is **DENIED**;

b. Plainitff's "Motion for Discovery an [sic] a Subpoena for all Electronically Stored Information Video an [sic] Emails to be Viewed by the Court" [19] is **DENIED**;

c. Plaintiff's Motion to Compel [29] is **DENIED**;

d. Plaintiff's Motion for Taking Depositions [37] is **DENIED**; and

e. Defendants' Motion for Protective Order [38] is **GRANTED**. Discovery is stayed in this matter until the court issues a final decision on Defendants' Motion for Partial Summary Judgment [17].

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  August 6, 2019        s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

       I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated: August 6, 2019         s/ Sandra Osorio
                                             Acting Case Manager