UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

          Plaintiff,

                                      Case No. 18-CV-12914
vs.                                  HON. GEORGE CARAM STEEH

BRIAN ROUSSEAU, et al.,

          Defendants.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION [DOC. 42]

      Plaintiff Bishop Perry, proceeding *pro se*, filed this prisoner civil rights action pursuant to 18 U.S.C. § 1983, against three employees of the Michigan Department of Corrections (MDOC). Defendant Sean Hart was dismissed from the action on September 20, 2018 (docket no. 5). Plaintiff's claimed violations of his First and Fourteenth Amendment rights are pending against defendant Brian Rousseau and Tonica Bates.

      Seven motions were referred to Magistrate Judge Majzoub for a report and recommendation: (1) Plaintiff's Motion for Preliminary Injunction (docket no. 10); (2) Plaintiff's Motion for Sanctions (docket no. 11); (3) Defendants' Motion for Partial Summary Judgment Based on Failure to Exhaust (docket no. 17); (4) Plaintiff's Motion Preliminary Injunction (docket

no. 20); (5) Plaintiff's Motion for Sanctions (docket no. 22); (6) Plaintiff's Motion for Sanctions (docket no. 30); and (7) Plaintiff's Motion to Dismiss (docket no. 32). The Magistrate Judge issued a report and recommendation on August 6, 2019.

Plaintiff filed objections to the report and recommendation which are presently before the court. Defendants did not file any timely objections. Objections must be specific and must precisely recite the provisions of the report and recommendation to which they pertain. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object," and as such does not preserve the right to appeal a subsequent order of the district court adopting the report. Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted).

Plaintiff's objections ask the court to take a *de novo* look at his two motions for preliminary injunction and his motion to dismiss (docket nos. 10, 20, and 32), and informs the court that he filed a new motion as it relates to two of his motions for sanctions (docket nos. 11 and 22). These are not the type of precise objections which are required of an objecting party. The Advisory Committee Notes to Federal Rule of Civil Procedure 72 provide that "[w]hen no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

Plaintiff's complaint focuses on an incident whereby defendant Bates allegedly violated the MDOC's operating procedure regarding prisoner mail and retaliated against plaintiff for having an ongoing legal case against MDOC. Plaintiff further claims that defendants Bates and Rousseau conspired to prevent him from accessing the courts. Another incident involved Rousseau transferring plaintiff to another facility after plaintiff asked the deputy warden if he had received a kite plaintiff had given to Rousseau. Plaintiff claims defendants violated his due process rights and his right to be free from retaliation under the First and Fourteenth Amendments.

In his motions for preliminary injunction, plaintiff states that he is harassed at his current facility and seeks to be transferred to either the Macomb Correctional Facility or the G. Robert Cotton Correctional Facility because they offer the opportunity for prisoners to work as dog handlers, which will enable him to earn money to retain an attorney, as well as to be near his family. Once transferred he asks that he remain at the new facility, plus he seeks a court order that prevents anyone from taking his television or Walkman for any reason.

The Magistrate Judge properly analyses plaintiff's claims in support of his motions for preliminary injunction. The court agrees that plaintiff has no likelihood of succeeding on the merits of his claims relating to the conditions of his confinement, many of which are not even alleged in his complaint. Plaintiff also has failed to show irreparable injury. Finally, and importantly, for the court to interfere with the state's prison facilities on the facts of this case is not in the public interest. The court finds no clear error and accepts the Magistrate Judge's recommendation that plaintiff's motions for preliminary injunction be denied.

In recommending that plaintiff's duplicative motions for sanctions be denied, the Magistrate Judge points out the proper procedure for filing a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. In his objections, plaintiff states that he has since filed a new motion following the proper procedure. That motion is not currently pending before the court and has no bearing on the denial of the improperly filed motions.

Plaintiff generally objects to the report and recommendation as it relates to his motion to dismiss on the basis that defendant produced fraudulent documents in response to plaintiff's discovery requests. The Magistrate Judge reviewed the documents at issue and found that plaintiff's suggestions of fraud lack merit. The court finds no clear error and accepts

the report and recommendation to deny plaintiff's motion to dismiss and the corresponding motion for sanctions (docket no. 30).

Finally, the court finds no clear error in the recommendation that defendants' motion for partial summary judgment based on failure to exhaust be granted in part and denied in part.   In accordance with this finding, the matter will proceed on plaintiff's claims against Bates and Rousseau for the improper handling of his legal mail and his claim against Rousseau for retaliatory transfer.

For the reasons set forth above, plaintiff's objections are overruled. The court hereby accepts the Magistrate Judge's report and recommendation.   Plaintiff's Motions for Preliminary Injunction (docket nos. 10, 20), Plaintiff's Motions for Sanctions (docket nos. 11, 22, 30), and Plaintiff's Motion to Dismiss (docket no. 32) are **DENIED**, and Defendants' Motion for Partial Summary Judgment Based on Failure to Exhaust (docket no. 17) is **GRANTED IN PART** and **DENIED IN PART**.   This matter will proceed on plaintiff's claims against defendants for the improper handling of his legal mail and his claim against defendant Rousseau for retaliatory transfer. Now, therefore,

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation is ACCEPTED and plaintiff's objections to the report and recommendation are OVERRULED.

So ordered.

Dated: August 30, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 30, 2019, by electronic and/or ordinary mail and also on Bishop Perry #231579, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk