UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

        Plaintiff,

  vs.

BRIAN ROUSSEAU, et al.,

        Defendants.

_____/

Case No. 18-CV-12914

HON. GEORGE CARAM STEEH

OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF No. 74) AND GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 69)

Plaintiff Bishop Perry filed this pro se civil rights complaint under 42 U.S.C. § 1983, alleging that defendants, Brian Rousseau and Tonica Bates, violated his right to be free from retaliation and violated his due process rights under the First and Fourteenth Amendments of the United States Constitution. More specifically, Perry alleges that Rousseau initiated his transfer to Rousseau's unit within the prison in retaliation for Perry's litigation against the MDOC. He also alleges that both Rousseau and Bates retaliated against him by interfering with his legal mail. Defendants filed a motion for summary judgment that was referred to the magistrate judge for report and recommendation ("R&R") (ECF No. 69). The magistrate judge issued an R&R recommending that defendants'

- 1 -

motion for summary judgment be granted (ECF No. 74).  Perry filed timely objections to the R&R (ECF No. 75).

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  General objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).  In this case, Perry states three objections to the R&R.

I.    Objection One

Plaintiff's first objection is that his misconduct citation proves his claim that Rousseau used the misconduct as a tool for adverse action that would deter a person from continuing to engage in protected activity (sending legal mail in support of litigation against the MDOC).  The misconduct indicated that the incident involving plaintiff's legal mail occurred January 6, 2017 at 12:43 p.m. and Rousseau drafted the misconduct at 2:40 p.m.  However, Rousseau did not submit the misconduct because at 3:17 p.m. he "received notification that the legal

mail had been approved."  (Rousseau Aff., ECF No. 69, PageID.592).  At 3:18 p.m., Rousseau sent an email to defendant Bates stating that plaintiff was approved for legal correspondence with Abdullah.  *Id*.  As the magistrate judge concluded, "while Rousseau drafted a misconduct report based on his then-belief that the Abdullah letter was not proper legal mail, he did not file the report, and Plaintiff suffered no disciplinary action as a result."  (ECF No. 74, PageID.684).

At the summary judgment stage, the burden is on plaintiff as the non-moving party to identify "evidence on which the jury could *reasonably* find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis added).  Plaintiff has not met his burden by showing that Rousseau drafted a misconduct when the evidence shows that the misconduct was not filed and plaintiff suffered no disciplinary action as a result.  The court overrules plaintiff's first objection to the R&R.

II.     Objection Two

Plaintiff contends that his legal mail to Abdullah was approved before it was taken to the mail room, therefore disputing Rousseau's version of the facts.  In addition, plaintiff submits an affidavit from Abdullah in which he states that he never received the legal mail sent by plaintiff.

In this case, the evidence shows that at most there was a minor delay

in sending plaintiff's inmate-to-inmate letter to Abdullah. *See* Outgoing Legal Mail Logbook, ECF No. 69, PageID.603-605. As the magistrate judge stated, this does not rise to the level of an adverse action where plaintiff has not shown that the minor delay affected or interfered with his litigation. Plaintiff's objections do not change this conclusion.

Abdullah's affidavit, which is provided for the first time in support of plaintiff's objections, states that he never received plaintiff's letter. The issue is whether defendants took an adverse action against plaintiff and the emails and mail logs show that after a short delay plaintiff's letter to Abdullah was approved as legal mail and was sent. What occurred after the letter was sent is not relevant to the issue whether defendants took an adverse action against plaintiff.

The court overrules plaintiff's second objection.

III. <u>Objection Three</u>

Plaintiff claims that Rousseau initiated his inner-prison transfer by filling out the transfer screen and that the transfer order does not indicate he was selected by the transfer coordinator. Additionally, plaintiff contends there are two witnesses who overheard Rousseau threaten him with a transfer.

Plaintiff's objection goes to whether there was a causal connection

between his protected conduct and his transfer.  The magistrate judge concludes that ARUS Strange's email, which includes a list of prisoners (including plaintiff) to be moved to make room for a new group of prisoners, corroborates Rousseau's affidavit stating that he did not request that plaintiff be transferred to his unit.  The court agrees with this assessment.

However, even if there was an issue of fact as to the causal connection, plaintiff cannot support the adverse action element of his retaliation claim.  As the magistrate judge correctly noted, a transfer from one housing unit to another within the same facility does not constitute an adverse action to support a claim of retaliation (ECF No. 74, PageID.682). *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) ("Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct.")

Plaintiff's third objection is overruled.

Now, therefore,

IT IS HEREBY ORDERED that the report and recommendation (ECF No. 74) is accepted and plaintiff's objections to the report and recommendation are OVERRULED.

IT IS HEREBY FURTHER ORDERED that defendants' motion for

summary judgment (ECF No. 69) is GRANTED and the claims against them are DISMISSED WITH PREJUDICE.

Dated:   March 19, 2021

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 19, 2021, by electronic and/or ordinary mail and also on Bishop Perry #231579, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

                    s/Brianna Sauve
                      Deputy Clerk